UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEVER TOO HUNGOVER, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DRINKAID LLP, a Singapore company; DRINKAID WELLNESS PTE. LTD., a Singapore company; and RYAN FOO, an individual,<br><br>Defendants. | Case No. 2:23-cv-01347-APG-EJY<br><br>**ORDER** |

Presently pending before the Court is Plaintiff's Emergency Motion to Direct the Clerk of Court to Effect Service Under Rule 4(f)(2)(C)(ii) or, in the Alternative, to Deem Service on Defendants Effectuated via Email. ECF No. 10. Plaintiff commenced this action on August 29, 2023 by filing a Complaint, Motion for Temporary Restraining Order, and Motion for Preliminary Injunction. ECF Nos. 1, 4, 5. On August 30, 2023, the Court Ordered "plaintiff to serve the defendants under Federal Rule of Civil Procedure 4 as soon as is practicable … [; and to] **immediately** send the complaint, the motions for temporary restraining order and preliminary injunction, and a copy of … [the Court's Order] by **email** to the defendants and their counsel (if known)." ECF No. 7 (emphasis in original). Plaintiff was required to "**file** … proof of service or a status report detailing its efforts **within 21 days** of emailing the defendants." *Id*. The Court also ordered that Defendants could file a response to the Motions for TRO and Preliminary Injunction within 21 days of the Plaintiff emailing the Complaint and Motions. *Id.* Plaintiff was permitted a reply within seven days of Defendants' response. *Id*.

On September 11, 2023, Plaintiff filed its Confirmation Notice. ECF No. 9. The Notice states that on August 30, 2023 Plaintiff "caused true and correct copies of the following documents to be sent via email to hello@drinkaid.co; ryan@drinkaid.co; and solomon@drinkaid.co: a. Complaint and exhibits …; b. Corporate Disclosure Statement and Certificate as To Interested …;

1

1  c. Motion for Temporary Restraining Order and Preliminary Injunction with exhibits and Proposed Order …; d. Summonses Issued to Defendants …; [and e.] Order Setting Briefing Schedule ….." *Id*. The Notice further confirmed service by mail, return receipt requested, on August 31, 2023. *Id*.

Rule 4 of the Federal Rule of Civil Procedures allows that "if there is no internationally agreed means, or if an international government allows but does not specify other means" by which service may be accomplished, service may be accomplished by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or … by other means not prohibited by a foreign country's law" so long as it is ordered by the court. Fed. R. Civ. P. 4(f)(2)(C)(ii) and 4(f)(3). One court interpreting this Rule, as applied to service on parties located in Singapore, stated: "service by means of mail … requires a signed receipt" after "mailing is carried out by the Clerk of the District Court." *Wyles v. Sussman*, Case No. CV 17-7722-DMG (SKx), 2018 WL 6333665, at *1 (C.D. Cal. Aug. 27, 2018) *citing Brockmeyer v. May*, 383 F.3d. 798, 805 (9th Cir. 2004). The Ninth Circuit holds that if a court allows service by email under Rule 4(f)(3), such service must be ordered by the court and must comport with constitutional notions of due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-6 (9th Cir. 2002); *Assef v. Does 1-10*, Case No. 15-cv-01960-MEJ, 2016 WL 1191683, at *3 (N.D. Cal. Mar. 28, 2016).

Plaintiff's Motion establishes, through the Declaration of John L. Krieger (the "Krieger Dec."), that (1) Singapore is not presently bound by the Hague Convention, (2) Singapore does not prohibit service by email, (3) Singaporean law does not prohibit service my mail, and (4) Singaporean courts "may order any method of substituted service that is effective in bringing the document to the notice of the person to be served." ECF No. 10 at 4-5 *citing* Krieger Dec. ¶¶ 8, 11, 12, 13 *citing, inter alia, In re One Apus Container Ship Incident on November 30, 2022*, Case No. 22 MD 3028 (PAE), 2022 WL 17370122, at *4 (S.D.N.Y. Dec. 2, 2022) ("Singapore is not a signatory to the Hague Convention," but Singapore does permit service by mail); *Assef*, 2016 WL 1191683 at *4 (permitting service by email on defendant located in Singapore because Singapore is not signatory to the Hague Convention and no international agreement prohibits service by email).

In light of the above, Plaintiff, out of an abundance of caution, appears concerned that the Court's August 30, 2023 Order may not be sufficient to meet the requirements of effective service.

Thus, Plaintiff seeks an order either (1) requiring the Clerk of Court for the District of Nevada to mail to each Defendant a copy of the summons and complaint with a return receipt requested, or (2) holding that the email notice sent by Plaintiff's counsel on August 30, 2023 was effective. *Id*. at 5-6. The Court finds while the service by mail was not effective because such service was not done by the Clerk of Court, the August 30, 2023 Order satisfies the rule requiring a court order permit service by email. The Order is unequivocal requiring (1) Plaintiff to send the Complaint, the Motions for Temporary Restraining Order and Preliminary Injunction to Defendants by email and file a notice of compliance regarding the same, and (2) Defendants to file responsive pleading by a specific date. ECF No. 10. However, to the extent the language of the Order could be debated, the Court ends that debate through the Order below.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Emergency Motion to Direct the Clerk of Court to Effect Service Under Rule 4(f)(2)(C)(ii) or, in the Alternative, to Deem Service on Defendants Effectuated via Email (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff **must** email a copy of this Order together with the Summons, Complaint, and Motions for Temporary Restraining Order and Preliminary Injunction to each Defendant no later than **September 20, 2023**.

IT IS FURTHER ORDERED that **service by email** of the Summons, Complaint, Motion for Temporary Restraining Order, and Motion for Preliminary Injunction **is deemed effective September 20, 2023**.

IT IS FURTHER ORDERED that Plaintiff must file a Notice of Compliance evidencing the email service was effected as ordered no later than **September 25, 2023**.

IT IS FURTHER ORDERED that Defendants' responses to Plaintiff's Complaint, Motion for Temporary Restraining Order, and Motion for Preliminary Injunction are due no later than **October 11, 2023**.

Dated this 19th day of September, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE