# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NEVER TOO HUNGOVER, LLC,

    Plaintiff

v.

DRINKAID LLP, et al.,

    Defendants

Case No.: 2:23-cv-01347-APG-EJY

**Order Construing ECF No. 14 as a Motion to Dismiss and Ordering the Parties to Brief Personal Jurisdiction**

    Plaintiff Never Too Hungover, LLC (NTH) moves for a temporary restraining order and preliminary injunction because the defendants are allegedly infringing on its trademark. The defendants are an individual (Ryan Foo) and two corporate entities (Drinkaid LLP and Drinkaid Wellness PTE. LTD.), all based in Singapore and currently appearing pro se.[1]

    Foo has personally endorsed the defendants' answer (ECF No. 14) and response to the motions for injunctive relief (ECF No. 15), so I will consider these two documents as filed by him. ECF No. 21. ECF No. 14 was docketed as an answer to the complaint, but recognizing that Foo is proceeding pro se, I construe it as a motion to dismiss because it requests dismissal of the case based on lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). ECF No. 14 at 2, 4.

    The plaintiff bears the burden of establishing that jurisdiction is proper. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023). Without personal jurisdiction over

---

[1] NTH previously moved to strike the defendants' pro se filings. ECF No. 16. Magistrate Judge Youchah denied that motion without prejudice and gave the defendants ten days to retain counsel. ECF No. 17. Though NTH has not yet renewed its motion to strike, I will not consider the corporate defendants' "pro se" filings because they cannot appear in this court without counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."). Foo, however, may proceed pro se. 28 U.S.C. §1654.

Foo, I cannot issue an injunction or a judgment against him because doing so would not comport with due process. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004).[2] "Personal jurisdiction over each defendant must be analyzed separately." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003). I cannot "impute a corporation's forum contacts to [its] employees." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1109 (9th Cir. 2020). Instead, I must "assess whether each individual [defendant] had minimum contacts with the forum." *Id.*

Though NTH contends in its reply that I have personal jurisdiction over the defendants, it did not address personal jurisdiction as to Foo specifically. ECF No. 20 at 2-3. Consequently, I will direct NTH to respond to Foo's motion to dismiss.

I THEREFORE ORDER that ECF No. 14 is deemed defendant Ryan Foo's motion to dismiss.

I FURTHER ORDER NTH to respond to Foo's motion to dismiss and, in particular, the personal jurisdiction issue by November 22, 2023. NTH must email a copy of its response to all defendants on the same day it is filed with the court.

I FURTHER ORDER that Foo may file a reply to NTH's response within 14 days of receiving that response.

---

[2] It is also NTH's burden to show personal jurisdiction over the corporate defendants, to the extent that it intends to seek a judgment, default or otherwise, against them. *See Pacific Atlantic Trading Co. v. M/V Main Exp.*, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment entered when defendants failed to appear is void based on lack of personal jurisdiction). Thus, whether I have personal jurisdiction over the corporate defendants is a threshold issue to a showing of a likelihood of success on the merits for NTH's motions for injunctive relief.

I FURTHER ORDER that NTH must serve all defendants with a copy of this Order no later than 5 p.m. today, November 6, 2023.

DATED this 6th day of November, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3