# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NEVER TOO HUNGOVER, LLC, | Case No.: 2:23-cv-01347-APG-EJY |
| Plaintiff | **Order Granting Jurisdictional Discovery and Vacating Order Dismissing Defendant Ryan Foo** |
| v. | |
| DRINKAID LLP, et al., | **[ECF No. 29]** |
| Defendants | |

Plaintiff Never Too Hungover, LLC (NTH) sued a Singaporean individual (Ryan Foo) and two Singaporean companies (Drinkaid LLP and Drinkaid Wellness PTE. LTD.) for infringement of NTH's DRINKADE trademark. The defendants are proprietors of a product sold under the trademark DRINKAID. I dismissed Foo from the suit for lack of personal jurisdiction. ECF No. 27. I also denied NTH's request for injunctive relief because, for largely the same reasons that I dismissed Foo, NTH did not make a clear showing that I may exercise personal jurisdiction over the corporate defendants. *Id.* NTH now moves for emergency reconsideration of its request for jurisdictional discovery and a stay of the order dismissing Foo. ECF No. 29. Foo opposes the motion.[1] ECF No. 32. Because NTH has presented new factual circumstances, I vacate the order dismissing Foo and grant jurisdictional discovery.

## I. JURISDICTIONAL DISCOVERY

In its opposition to Foo's motion to dismiss, NTH requested limited jurisdictional discovery in one sentence, without legal or factual support. ECF No. 26 at 17. However, "for

---

[1] The response is not valid as to the corporate defendants because they are not represented by counsel and therefore cannot appear before me. *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel.").

each type of relief requested or purpose of the document, a separate document must be filed." LR IC 2-2(b).  Therefore, NTH did not properly move for jurisdictional discovery. *See Briskin v. Shopify, Inc.*, 87 F.4th 404, 424 (9th Cir. 2023) (holding that a district court did not abuse its discretion in not addressing a request for jurisdictional discovery which was made "in only two curt footnotes in [party's] opposition brief").  Because NTH now supports its request for jurisdictional discovery with a memorandum of points and authorities, I construe ECF No. 29 as an emergency motion for jurisdictional discovery, rather than a motion for reconsideration of its request for jurisdictional discovery.

   "Jurisdictional discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (quotation omitted). In contrast, "a mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery." *Id.* (quotation omitted).  I cannot deny jurisdictional discovery if it will result in "actual and substantial prejudice" to the movant. *Id.* (quotation omitted).

   NTH presents evidence that before NTH initiated this lawsuit, Soloman Poon, a co-founder of DrinkAid, contacted NTH through its "Contact Us" form noting that "We're a supplement company based in Singapore.  We're excited about expanding to the US and during our preparation, realized the similarity in our names." ECF No. 29-3.  The bottom of the "Contact Us" webpage states that NTH is located in Las Vegas, Nevada. ECF No. 29-2.  In his response, Foo admits that the defendants contacted NTH, but contends that their purpose was to "extend an olive branch." ECF No. 32 at 2.  Regardless of the claimed good intentions, the content of Poon's note to NTH suggests that jurisdictional discovery could show that the

1    defendants knew their conduct could potentially cause harm to NTH, and that the harm would be
2    felt in Nevada.

3           NTH also presents evidence that there are reviews of DrinkAid on Amazon by United
4    States consumers and that NTH has recently experienced lower sales on Amazon. ECF Nos. 26-4
5    at 7; 26-5 at 9-10, 14-16.  Foo admits that DrinkAid is sold on Amazon to United States
6    consumers and that two orders were sold to Nevada consumers. ECF No. 32 at 1.  As the volume
7    of sales and the methods of marketing to Nevada consumers may impact the reasonableness of
8    exercising personal jurisdiction over the defendants, I require a more satisfactory showing of
9    facts on these issues.  Therefore, jurisdictional discovery is appropriate.[2]

10   **II.  RECONSIDERATION OF THE DISMISSAL OF RYAN FOO**

11          NTH requests that I stay the dismissal of Ryan Foo until jurisdictional discovery is
12   completed because it otherwise "cannot proceed in the normal course" because the corporate
13   defendants do not have legal counsel. ECF No. 29 at 1.  NTH also contends that it will be
14   prejudiced without a stay because Foo's dismissal was premised on information that could be
15   shown to be incorrect or incomplete after jurisdictional discovery.  NTH also argues that
16   jurisdictional discovery is likely to reveal facts that would allow me to exercise personal
17   jurisdiction over Foo.  Foo responds that NTH's claims are unreasonable because DrinkAid's
18   presence in Nevada is minimal, DrinkAid differentiates itself from NTH's product in its
19   branding, and because the pre-lawsuit contact with NTH was in good faith.

20

21

22

23
---
[2] NTH also argues that the defendants have additional ties to Nevada because DrinkAid has a
partnership with Zouk Singapore and Foo is aware that Zouk has expanded into Las Vegas. ECF
Nos. 29-7, 29-8.  However, NTH does not show that DrinkAid's partnership with Zouk extends
to Zouk's Las Vegas location.

Foo has already been terminated from the case (ECF No. 27 at 16) so I cannot stay the order that has already occurred.  Instead, I construe NTH's request as a motion for reconsideration of Foo's motion to dismiss pending jurisdictional discovery.  I have inherent power to reconsider an interlocutory order. LR 59-1(a).  Reconsideration may be appropriate if there is "newly discovered evidence that was not available when the original motion or response was filed." *Id.*

I previously dismissed Foo for lack of personal jurisdiction because NTH did not make a prima facie showing that Foo knew his conduct would cause harm and that the harm was likely to be suffered in Nevada.  In addition, I held that exercising jurisdiction over him would be unreasonable given the minimal extent of his purposeful interjection into Nevada and the high burden of a foreign individual litigating in this forum.  I also previously considered the corporate defendants' conduct in Foo's personal jurisdiction analysis because Foo admits that he is a proprietor of DrinkAid and does not differentiate between his conduct and the companies' conduct. ECF No. 27 at 5.

Poon contacted NTH before the lawsuit, so jurisdictional discovery may reveal that the corporate defendants knew that their conduct in the United States could harm NTH in Nevada.  Because Foo does not differentiate between his conduct and the companies' conduct, jurisdictional discovery could show that Foo knew as well.  Moreover, jurisdictional discovery may reveal more information about the defendants' marketing efforts toward Nevada and the number of sales made to Nevada residents.  That could alter the balance of the reasonableness factors in Foo's personal jurisdiction analysis.

Because jurisdictional discovery could reveal previously unavailable facts that would allow the exercise of personal jurisdiction over Foo, I grant NTH's request in part.  I vacate my

order dismissing Foo and order him reinstated as a defendant.  After the close of jurisdictional discovery, I will allow supplemental briefing as to Foo's motion to dismiss and reconsider the motion.  As before, NTH will bear the burden of demonstrating that jurisdiction over Foo is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

**III.  CONCLUSION**

I THEREFORE ORDER that NTH's emergency motion **(ECF No. 29) is granted in part** as discussed above.

I FURTHER ORDER that my prior order dismissing Ryan Foo **(ECF No. 27) is vacated**. The clerk of court is instructed to reinstate Ryan Foo as a defendant in this case.

I FURTHER ORDER that the parties may conduct jurisdictional discovery until May 31, 2024.

I FURTHER ORDER that NTH may file a supplemental opposition to Foo's motion to dismiss within 21 days after the close of jurisdictional discovery, and that Foo may file a supplemental reply to that opposition 21 days after being served with NTH's supplemental opposition.

I FURTHER ORDER that NTH must serve the defendants, including Foo, with a copy of this Order, in the same manner that they served ECF No. 27, no later than 5 p.m. on February 2, 2024.

DATED this 1st day of February, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE